UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-09952-RGK(AS) | Date | June 5, 2026 |
|---|---|---|---|
| Title | *Derrick Williams v. A. Arias, Warden* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

On October 2, 2025, Derrick Williams ("Petitioner"), a California inmate proceeding pro se, constructively filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254" ("Petition"). (Dkt. 1). Petitioner was convicted of second-degree murder and sentenced in Los Angeles County Superior Court case number TA148615. The Petition was not submitted on the Court's recommended form, so it is missing some information pertinent to determining whether the Petition and this action may proceed.

The Petition purports to raise three grounds for relief: (1) denial of due process based on Doyle violations, Doyle v. Ohio, 426 U.S. 610, 617-18 (1976) (holding that due process and fundamental fairness prevent use of a defendant's post-arrest silence following Miranda[1] warnings to impeach the defendant's trial testimony); (2) denial of due process based on an "unreasonable application" of law, which appears to be asserting that the repeated Doyle violations in Petitioner's case were not harmless error; and (3) denial of due process based on the prosecution presenting false evidence through a pathologist's testimony in violation of Napue v. Illinois, 360 U.S. 264 (1959) (reversing judgment where knowingly false testimony used to secure a conviction may have had an effect on the outcome at trial). (Dkt. 1 at 3-7).

Petitioner generally asserts that he has exhausted state court remedies. (Dkt. 1 at 2). He states that he appealed his conviction to the California Court of Appeal, raising "inter alia a Doyle claim." (Dkt. 1 at 2). He also states that the California Supreme Court denied review. (Id.). He does not indicate what claims he raised with the California Supreme Court, or whether he raised his Napue claim with either court. (Id.). He also does not indicate whether he filed any habeas petitions with the state courts. (Id.). The Court has reviewed the California Court of Appeal's decision in People v. Williams, 2024 WL 3872231, at *1 (Cal. Ct. App. Aug. 20, 2024), review denied (Cal. Oct. 30, 2024), which states that Petitioner raised the following claims: (1) the prosecutor's cross-examination violated Petitioner's Fifth Amendment privilege against self-incrimination under Doyle; and (2) trial court abused its discretion in allowing impeachment

---

[1]     Miranda v. Arizona, 384 U.S. 436 (1966).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-09952-RGK(AS) | Date | June 5, 2026 |
|---|---|---|---|
| Title | *Derrick Williams v. A. Arias, Warden* | | |

based on a 1992 robbery conviction.  The decision does not mention <u>Napue</u> or any claim based on the pathologist's testimony.

The Court also notes that Petitioner did not sign the Petition verifying under penalty of perjury that the contents of the Petition are true and correct. (Dkt. 1 at 7-8).

**LEGAL STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 reflects Congress's intent for the district courts to take an "active role in summarily disposing of facially defective habeas petitions." <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1127-28 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits. <u>Id</u>. at 1128.  A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. <u>Id.</u>

Habeas Rule 2(c)(5) requires that a habeas petition be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. A district court may dismiss an unsigned and unverified petition. <u>See</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).  However, the failure to sign and verify a petition is a defect that can be corrected. <u>Id.</u>

**ANALYSIS/ORDER TO SHOW CAUSE**

Because Petitioner did not sign the Petition verifying under penalty of perjury that the contents of the Petition are true and correct, he must file a signed/verified petition complying with Habeas Rule 2(c)(5). Were this the Petition's only defect, the Court would simply require Petitioner to verify a copy of the Petition he filed. However, as explained below, because it is unclear from the face of the Petition whether Petitioner's claims he wishes to assert herein are exhausted, he must do more than verify his current Petition.

A habeas petitioner must exhaust his claims before bringing them to this Court. To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (per curiam). "To fairly present a federal claim, a state prisoner must present to the state courts both the operative facts and the federal legal theories that animate the claim." <u>Arrendondo v. Neven</u>, 763 F.3d 1122, 1138 (9th Cir. 2014); <u>Gulbrandson v. Ryan</u>, 738 F.3d 976, 992 (9th Cir. 2013). Petitioner "must have 'characterized the claims he raised specifically as federal claims.'" <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th Cir. 2005); <u>see also Duncan v. Henry</u>, 513 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-09952-RGK(AS) | Date | June 5, 2026 |
|---|---|---|---|
| Title | *Derrick Williams v. A. Arias, Warden* | | |

366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). To do so, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." Castillo, 399 F.3d at 999. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo, 399 F.3d at 999 (citation omitted); Gray v. Netherland, 518 U.S. 152, 163 (1996). "Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." Castillo, 399 F.3d at 999; Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

The Petition does not include any detail to show that Petitioner has exhausted the three claims he seeks to raise in this action by fairly presenting them to the California Supreme Court. As explained above, the California Court of Appeal's opinion in People v. Williams suggests that Petitioner may not have raised a Napue claim with the state courts. For this reason, the Court is ordering Petitioner to show cause why the Petition should not be dismissed.

**Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE, no later than July 6, 2026, why the Petition should not be dismissed.** To discharge this Order and proceed with this action, Petitioner shall file, no later than the July 6, 2026 deadline, a signed/verified First Amended Petition with detail as instructed on the Central District's form habeas petition, including information about what claims he has raised with the state courts. See Habeas Rule 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge."). Petitioner may wish to attach his briefing filed with the California Court of Appeal in People v. Williams, and his petition for review filed with the California Supreme Court to aid in showing whether his claims are exhausted. Alternatively, Petitioner may decide to voluntarily dismiss the federal petition if he believes that he is unable to lawfully obtain relief in this Court.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition for his convenience.

**Petitioner is cautioned that the failure timely to respond to this Order may result in the dismissal of the Petition for violating Habeas Rules 2 and 4, and/or dismissal of this action based on petitioner's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**